## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KATHERINE FINGER, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE** |
| RADIUS GLOBAL INFRASTRUCTURE, | ) | **FEDERAL SECURITIES LAWS** |
| INC., WILLIAM H. BERKMAN, MICHAEL | ) | |
| D. FASCITELLI, NOAM GOTTESMAN, | ) | JURY TRIAL DEMANDED |
| WILLIAM D. RAHM, PAUL A. GOULD, | ) | |
| ANTOINETTE COOK BUSH, THOMAS C. | ) | |
| KING, NICK S. ADVANI, and ASHLEY | ) | |
| LEEDS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Katherine Finger ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through her counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for her Complaint:

### NATURE OF THE ACTION

1.      Plaintiff brings this action against Radius Global Infrastructure, Inc. ("Radius" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by EQT Partners, Inc. ("EQT") and Public Sector Pension Investment Board ("PSP").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

2.      On March 1, 2023, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with APW OpCo LLC ("OpCo")[2], Chord Parent, Inc. ("Parent"), Chord Merger Sub I, Inc. ("Merger Sub I"), and Chord Merger Sub II, LLC ("Merger Sub II"). The Merger Agreement provides that Company stockholders will receive $15.00 per share of Radius common stock in connection with the Proposed Transaction.

3.      The Company's corporate directors subsequently authorized the May 12, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the

---

[2] OpCo is the parent of AP WIP Investment Holdings, LP.  Radius directly owns a 96.6% interest in OpCo, and the remaining 3.4% interest is owned by other members of OpCo, including certain Radius executive officers.

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for June 15, 2023.

defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, the owner of Radius common stock.

10.     Defendant Radius is a Delaware corporation with its principal executive offices located at 3 Bala Plaza East, Suite 502, Bala Cynwyd, Pennsylvania 19004.  Radius' shares trade on the Nasdaq Global Market under the ticker symbol "RADI."  Through its subsidiaries, Radius is a multinational owner and acquiror of triple net rental streams and real properties leased to wireless operators, wired operators, wireless tower companies, and other digital infrastructure operators in Italy, the United Kingdom, the United States, other European countries, and internationally.  As of December 31, 2022, Radius had interests in the revenue

streams of approximately 9,188 assets that were situated on approximately 7,024 different communications sites located throughout the United States and twenty other countries.

11.     Defendant William H. Berkman is and has been Co-Chairman of the Board and, Chief Executive Officer and a director of the Company at all times relevant hereto.

12.     Defendant Michael D. Fascitelli is and has been Co-Chairman of the Board and a director of the Company at all times relevant hereto.

13.     Defendant Noam Gottesman is and has been a director of the Company at all times relevant hereto.

14.     Defendant William D. Rahm is and has been a director of the Company at all times relevant hereto.

15.     Defendant Paul A. Gould is and has been a director of the Company at all times relevant hereto.

16.     Defendant Antoinette Cook Bush is and has been a director of the Company at all times relevant hereto.

17.     Defendant Thomas C. King is and has been a director of the Company at all times relevant hereto.

18.     Defendant Nick S. Advani is and has been a director of the Company at all times relevant hereto.

19.     Defendant Ashley Leeds is and has been a director of the Company at all times relevant hereto.

20.     Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

21.     On March 13, 2023, the Company and PSP jointly announced in relevant part:

NEW YORK--(BUSINESS WIRE)--Radius Global Infrastructure, Inc. (NASDAQ: RADI), ("Radius"), EQT and Public Sector Pension Investment Board ("PSP") announced today that they have entered into a definitive agreement under which EQT Active Core Infrastructure and PSP will indirectly acquire Radius for $15.00 per share in cash, representing a total enterprise value of approximately $3.0 billion.

Radius is a leading global aggregator of real property interests underlying wireless telecommunications cell sites and other digital infrastructure assets. EQT is a purpose-driven global investment organization.  PSP is one of Canada's largest pension investment managers.

The purchase price represents a premium of 28% over the unaffected closing price of Radius shares on February 24, 2023, and a premium of 31% to the volume-weighted average price of Radius shares over the last 90 days.

"This transaction is both an exciting next step for Radius and a great outcome for shareholders as it provides compelling value," said Bill Berkman, Co-Chairman and CEO of Radius.  "Partnering in a private capital context with EQT and PSP, both of which have significant expertise in communications infrastructure, will enable Radius to accelerate origination activity and further invest in both geographic expansion and adjacent asset opportunities.  I want to thank the incredible Radius team for their commitment and success in building the platform we have today.  With EQT and PSP's support, we will continue to be a strong and collaborative partner for our tenants as we continue to grow Radius as the premier global aggregator and owner of digital infrastructure-oriented real property assets."

Alex Greenbaum, Partner within EQT Active Core Infrastructure's Advisory Team, said, "Radius is one of the market leaders in the aggregation of digital infrastructure sites and we believe it will benefit from long-term tailwinds supported by growing demand for data.  This acquisition aligns directly with EQT Active Core Infrastructure's investment criteria and thematic approach to investing - Radius' strong cash flows, sticky customer base, geographically diverse portfolio and inflation protection make the Company a strong fit for the fund.  We look forward to partnering with the entire Radius team as they continue their strong growth trajectory."

"PSP is thrilled to participate in this exciting acquisition of Radius Global Infrastructure," said Patrick Charbonneau, Senior Managing Director and Global Head of Infrastructure Investments at PSP.  "Radius is a strong fit with PSP's portfolio and mandate given it has inflation-adjusted contracted income, little exposure to GDP, and substantial growth opportunities linked to demand for digital services.  I want to thank EQT who brings valuable expertise to help this partnership reach its full potential and I look forward to working with the excellent management team at Radius to support their continued delivery of value-accretive products to their customers."

**Transaction Approvals and Timing**

The Radius Board of Directors, upon the recommendation of a Transaction Committee comprised of independent directors, has unanimously approved the transaction, and the transaction is not subject to a financing condition.  It is expected to close in the third quarter of 2023, subject to satisfaction of customary closing conditions including the receipt of certain regulatory approvals and approval by Radius shareholders, as well as certain other conditions related to Radius' indebtedness and available cash.  Radius has obtained consents to the transaction from certain of its lenders.  Certain Radius shareholders, including Mr. Berkman, Centerbridge Partners, L.P., Imperial Landscape Sponsor LLC, TOMS Acquisition II LLC and their respective affiliated entities, as applicable, have entered into agreements to vote their combined 21% ownership in favor of the transaction.

Upon completion of the transaction, Radius will be a privately held company indirectly wholly owned by EQT Active Core Infrastructure and PSP, as well as Radius management.  Radius shares will no longer be listed on any public securities exchange.  Radius will retain its name and brand and will continue to be operated by its existing management team and employees worldwide.

**Advisors**

Citi is serving as lead financial advisor, Goldman Sachs & Co. LLC is serving as financial advisor and Cravath, Swaine & Moore LLP is serving as legal advisor to Radius.  Barclays is serving as financial advisor and Morris, Nichols, Arsht & Tunnel LLP is serving as legal advisor to the Transaction Committee of the Board of Directors of Radius.

Morgan Stanley & Co. LLC and Simpson Thacher & Bartlett LLP are serving as financial and legal advisors, respectively, to EQT Active Core Infrastructure. Evercore and Weil, Gotshal & Manges LLP are serving as financial and legal advisors, respectively, to PSP.

**The Materially Incomplete and Misleading Proxy Statement**

22.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on May 12, 2023  The Proxy Statement, which recommends that Radius stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial projections; and (b) the financial analyses that support the respective fairness opinions provided by the Company's financial advisors, Citigroup Global Markets Inc. ("Citi") and Goldman Sachs & Co. LLC ("Goldman"), and the transaction committee of the Board's ("Transaction Committee") financial advisor, Barclays Capital Inc. ("Barclays").

*Material Misrepresentations and/or Omissions Concerning the Financial Projections for the Company*

23.     With respect to Company management's "June 30, 2022 – 2032 Management Forecast," the Proxy Statement fails to disclose: (a) Unlevered Free Cash Flows for the projection period and the underlying line items; and (b) the line items underlying the calculation of (a) Annualized In-Place Rents, (b) Ground Cash Flow, (c) Adjusted EBITDA, and (d) Acquisition Capex.

24.     With respect to Company management's "December 31, 2023 – 2032 Management Forecast," the Proxy Statement fails to disclose the line items underlying the calculation of (a) Annualized In-Place Rents; (b) Ground Cash Flow; (c) Adjusted EBITDA; (d) Acquisition Capex; and (e) Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning Citi's, Goldman's, and Barclays'*
*Financial Analyses*

25.     The Proxy Statement fails to disclose material information concerning Citi's, Goldman's, and Barclays' financial analyses.

26.     With respect to Citi's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (a) the Company's terminal values; (b) Radius' net debt as of December 31, 2022; (c) the present value as of December 31, 2022, of Series A Founder Preferred Stock implied annual dividends; and (d) the Company's fully diluted outstanding shares.

27.     With respect to Citi's *Present Value of Future Share Price* analysis, the Proxy Statement fails to disclose the adjusted annualized in-place rent of Radius for each of calendar years 2023 through 2032.

28.     With respect to Citi's *Precedent Premiums Paid* analysis, the Proxy Statement fails to disclose the identities of the transactions selected and the individual premiums observed.

29.     With respect to Goldman's *Illustrative Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (a) the Company's terminal values; (b) Radius' net debt as of December 31, 2022; (c) the present value as of December 31, 2022 of Series A Founder Preferred Stock implied annual dividends; and (d) the Company's fully diluted outstanding shares.

30.     With respect to Goldman's *Illustrative Present Value of Future Share Price Analysis*, the Proxy Statement fails to disclose: (a) the net debt of Radius for each of calendar years 2022 through 2025; and (b) the projected year-end number of fully diluted outstanding shares of Class A Common Stock each of calendar years 2022 through 2025.

31.    With respect to Goldman's *Premia Paid Analysis*, the Proxy Statement fails to disclose the transactions analyzed the individual premiums observed for each transaction.

32.    With respect to Barclays' *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (a) the Company's terminal values; (b) Radius' net debt as of December 31, 2022; and (c) the Company's fully diluted outstanding shares.

33.    With respect to Barclays' *Selected Comparable Company Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics of the companies observed.

34.    With respect to Barclays' *Illustrative Present Value of Future Share Price Analysis*, the Proxy Statement fails to disclose the Company's fully diluted outstanding shares as of February 28, 2023.

35.    With respect to Barclays' *Equity Research Price Target Analysis*, the Proxy Statement fails to disclose the individual price targets observed and the sources thereof.

36.    The omission of the above-referenced information renders statements in the "Certain Financial Forecasts," "Opinion of Citi," "Opinion of Goldman Sachs," and "Opinion of Barclays" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Radius**

37.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

38.    The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Radius is liable as the issuer of these statements.

39.    The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

40.    The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

41.    The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

42.    The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

43.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

44.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

45.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

46.     The Individual Defendants acted as controlling persons of Radius within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Radius and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

47.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

48.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations

as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

49.    By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

50.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of the Company, and against defendants, as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  May 18, 2023                         **LONG LAW, LLC**

                                   By:  */s/ Brian D. Long*
                                         Brian D. Long (#4347)
                                         3828 Kennett Pike, Suite 208
                                         Wilmington, DE 19807
                                         Telephone: (302) 729-9100
                                         Email: BDLong@LongLawDE.com

                                         *Attorneys for Plaintiff*